UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

Hollis Boatswain,
                Petitioner,

-vs-

Alberto Gonzalez, et. al.,

                Respondent.
-------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 05-CV-4236 (FB)

**BLOCK, District Judge:**

      On August 28, 2005, Hollis Boatswain ("Boatswain"), proceeding *pro se*, filed a petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on the ground that he is being indefinitely detained in violation of the Due Process Clause of the Fifth Amendment. For the reasons set forth below, his petition is denied and the stay of his removal is lifted.

      In September 1999, after the Immigration and Naturalization Service ("INS") commenced removal proceedings against him, Boatswain applied for naturalization; without ruling on his naturalization application, however, an Immigration Judge ordered Boatswain's removal and the Board of Immigration Appeals ("BIA") affirmed the order. In September 2000, at Boatswain's request, this Court stayed his removal in order to resolve his application for naturalization. In February 2002, the INS denied his application; thereafter this Court upheld the denial, and on June 30, 2005, the Second Circuit affirmed, *see Boatswain v. Gonzales*, 414 F.3d 413 (2d Cir. 2005), *cert. denied*, 2005 WL 2494049 (Oct. 11,

1

2005). This petition followed.

The Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), held that six months of indefinite detention following a final order of removal is presumptively reasonable, but that "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* A petitioner, however, "cannot secure release from detention which[, as here,] has been prolonged beyond the ... presumptively reasonable six month period because of a judicial stay entered at his request to block his removal pending resolution of a habeas petition." *Marcelus v. I.N.S.*, 2002 WL 80301, at *1 (E.D. Pa. Jan. 16, 2002); *see also Copes v. McElroy*, 2001 WL 830673, at *6 (S.D.N.Y. July 23, 2001) (same). Accordingly, Boatswain's petition is denied. Furthermore, in light of the Second Circuit's order, the Court's order dated September 7, 2000 staying the Boatswain's removal is vacated.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
October 20, 2005

2